UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS DOMINIQUE MOORE,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>Respondents. | No.  2:19-cv-1131 MCE KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 27, 2020, respondent filed a motion to dismiss this action because it was filed beyond the one-year statute of limitations.  28 U.S.C. § 2244(d).  Petitioner did not timely oppose the motion.  Following multiple extensions of time, petitioner filed an opposition on August 10, 2020.  Respondent did not file a reply.

I.  Chronology

Petitioner was convicted on January 6, 2012, of three counts of robbery, two counts of assault with a firearm, one count of attempted murder, one count of burglary, and one count of false imprisonment, stemming from three separate incidents.  (ECF No. 18-1.)  In addition, the jury found true various gun use enhancements, along with other enhancements.  (Id.)  Petitioner was sentenced to an indeterminate prison term of 83 years-to-life.  (ECF No. 18-1, 2.)

////

1

1    Petitioner filed an appeal.  On November 21, 2014, the California appellate court reversed

2  the sentence and remanded the case back to the trial court for re-sentencing.  (ECF No. 18-2.)

3    On December 23, 2014, petitioner filed a petition for review in the California Supreme

4  Court.  (ECF No. 18-3.)  On February 20, 2015, the California Supreme Court granted review.

5  (ECF No. 18-4.)  On August 17, 2016, the case was transferred back to the state appellate court to

6  vacate its decision and reconsider the case in light of People v. Franklin, 63 Cal. 4th 261, 268-69,

7  283-84 (2016).  (ECF No. 18-5 at 5.)  On August 23, 2016, the California Court of Appeal

8  vacated the November 21, 2014 decision.  (ECF No. 18-5 at 5.)

9    On September 28, 2016, the California Court of Appeal affirmed petitioner's judgment of

10  conviction, but the case was remanded "for a limited hearing to determine whether [petitioner]

11  was afforded an adequate opportunity to present evidence that sections 3051 and 4801 deem

12  relevant at youth offender parole hearings."  (ECF No. 18-5 at 5.)  If petitioner had not been

13  provided such opportunity, the appellate court instructed the trial court "to conduct a hearing and

14  to accept evidence relevant to youth-related factors in a manner consistent with that described in

15  Franklin, supra, 63 Cal.4th at pages 283 to 284."  (ECF No. 18-5 at 5.)

16    Petitioner did not seek review in the California Supreme Court.

17    On October 3, 2017, petitioner filed his first federal petition for writ of habeas corpus,

18  which was dismissed on August 24, 2018, for failure to exhaust state court remedies.  Moore v.

19  Kernan, No. 2:17-cv-2080 MCE KJN P (E.D. Cal.).  (See ECF No. 18-13 to 16.)  His motion for

20  stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), was denied based on petitioner's

21  failure to demonstrate good cause.  Kernan, No. 2:17-cv-2080 MCE KJN P.  (See ECF No. 18-15

22  at 8-9; 18-16.)

23    On April 27, 2018, petitioner filed his first state petition for writ of habeas corpus in the

24  San Joaquin County Superior Court.[1]  (ECF No. 18-7.)  The state superior court denied the

25  petition on May 31, 2018.  (ECF No. 18-8.)

26

27  [1] All of the filing dates for petitioner's state habeas petitions were given benefit of the prison
mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

28

1       On September 6, 2018, petitioner filed a second petition for writ of habeas corpus in the

2   San Joaquin County Superior Court.  (ECF No. 18-9.)  The state superior court denied the petition

3   on October 18, 2018.  (ECF No. 18-10.)

4       On November 2, 2018, petitioner filed a petition for writ of habeas corpus in the

5   California Supreme Court.  (ECF No. 18-11.)  On April 17, 2019, the California Supreme Court

6   denied the petition, citing See In re Waltreus (1965) 62 Cal. 2d 218, 225 (courts will not entertain

7   habeas corpus claims that were rejected on appeal).  (ECF No. 18-12 at 1.)

8       On April 29, 2019, petitioner filed the instant federal petition.[2]  (ECF No. 1.)

9   II.  Standards Governing Motion to Dismiss

10      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

12  petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

13  Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

14  Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

15  (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority

16  under Rule 4.

17  III.  Statute of Limitations

18      A.  Legal Standards

19      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

20  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of

21  habeas corpus filed by state prisoners.  This statute of limitations provides that:

22          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody, pursuant to the judgment of
23          a State court.  The limitation period shall run from the latest of –

24  _____

25  [2]  Petitioner raises three claims in the instant petition:  (1) petitioner's sentence of 83 years-to-life
    constitutes a de facto life sentence without parole in violation of Miller v. Alabama, 132 S. Ct.
26  2455 (2012); (2) petitioner is entitled to re-sentencing because the court was not presented with
    evidence of, and failed to give consideration to, the hallmark features of youth that rendered
27  petitioner less culpable than an adult, and defense counsel failed to fully investigate or present
    such evidence; and (3) petitioner's sentence is cruel and unusual punishment in violation of the
28  Eighth Amendment.  (ECF No. 1.)

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

B. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner's judgment was affirmed by the California Court of Appeal on September 28, 2016. (ECF No. 18-6.)  Because petitioner did not file a petition for review in the California Supreme Court, his conviction became final on November 7, 2016, 40 days after September 28, 2016. Waldrip v. Hall, 548 F.3d 729, 235 (9th Cir. 2008).  The statute of limitations period began to run the next day, November 8, 2016.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Absent tolling, petitioner's last day to file his federal petition was on November 8, 2017.  The instant petition, filed April 29, 2019, is therefore time-barred unless petitioner is entitled to statutory or equitable tolling.

C. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

////

4

1    State habeas petitions filed after the one-year statute of limitations has expired do not

2    revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820,

3    823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that

4    has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

5    Here, petitioner's first state habeas petition was filed on April 27, 2018, about five and a

6    half months after the status of limitations expired on November 8, 2017.  Because the state court

7    petitions were filed after the limitations period expired, petitioner is not entitled to statutory

8    tolling for any of his state habeas petitions.

9    D.  Prior Federal Petition

10    Although petitioner filed a previous federal petition, such filing offers no tolling of the

11    statute of limitations.  "[A]n application for federal habeas corpus review is not an 'application

12    for State post-conviction or other collateral review' within the meaning of 28 U.S.C.

13    § 2244(d)(2)," and "therefore [does] not toll the limitation period."  Duncan v. Walker, 533 U.S.

14    167, 181-82 (2001).

15    E.  Equitable Tolling

16    1.  Governing Standards

17    The one-year statute of limitations for filing a habeas petition may be equitably tolled if

18    extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.

19    Holland v. Florida, 560 U.S. 631, 645 (2010).  A habeas petitioner is only entitled to equitable

20    tolling of the one-year statute of limitations if he shows:  "'(1) that he has been pursuing his rights

21    diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely

22    filing."  Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).  An "extraordinary

23    circumstance" has been defined as an external force that is beyond the prisoner's control.  Miles

24    v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling

25    purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  Holland, 560 U.S. at 653

26    (internal citations and additional quotation marks omitted).  In addition, petitioner must

27    demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn

28    v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203

5

1   (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct

2   proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

3        "The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions

4   swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and

5   quotations omitted).

6
7   > To apply the doctrine in "extraordinary circumstances" necessarily
> suggests the doctrine's rarity, and the requirement that extraordinary
> circumstances "stood in his way" suggests that an external force must
8   > cause the untimeliness, rather than, as we have said, merely
> "oversight", miscalculation or negligence on [the petitioner's] part,
> all of which would preclude the application of equitable tolling.
9

10   Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert.

11   denied, 130 S. Ct. 244 (2009).  Equitable tolling is "a very high bar, and is reserved for rare

12   cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014).  It is petitioner's burden to

13   demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d

14   1021, 1026 (9th Cir. 2005).

15                                    2. Discussion

16        First, petitioner claims that at the time of his arrest he was a 17 year old minor who had no

17   prior legal training and was not aware that there was a one year statute of limitation for filing a

18   federal petition.  (ECF No. 25 at 2.)  However, general ignorance of the law is not a ground for

19   equitable tolling.  "While [a habeas petitioner's] pro se status is relevant, we have held that a pro

20   se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable

21   tolling." Waldron-Ramsey, 556 F.3d at 1013 n.4 (citing Rasberry v. Garcia, 448 F.3d 1150, 1154

22   (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

23   circumstance warranting equitable tolling.")  In addition, although petitioner was a minor at the

24   time of his arrest, he was no longer a minor by the time the limitations period began to run in

25   2016.[3]

26   _____

3 "[E]ven if the statute of limitations were to be tolled during a petitioner's minority, the
27   petitioner's subsequent failure to file a federal petition within one year of reaching majority
ultimate renders the federal habeas petition time-barred. Castañeda v. Arnold, No. 2:14-CV-
28   02014 GEB, 2015 WL 3648759, at *8 (E.D. Cal. June 10, 2015) (collecting cases).

1        Second, petitioner alleges there were multiple impediments to his timely filing.  (ECF No.

2   25 at 2-3.)  Petitioner claims such impediments were pointed out in his petition at page 13, ground

3   five, section (b).  (ECF No. 25 at 3.)  However, petitioner raises only three grounds in the instant

4   petition.  (ECF No. 1, *passim*.)  Review of the petition, including page 13, does not reflect any

5   explanation of impediments to petitioner's timely filing.  (Id.)

6        Third, petitioner generally argues that he was "prejudicially separated from access to any

7   of his legal papers to permit him to file a[] timely petition -- no transcripts, no law library access,

8   as new polic[ies] exist that no longer give[] prisoners free access to the prison law libraries

9   without a valid legal court deadline."  (ECF No. 25 at 3.)  Petitioner claims that because he was

10  deprived of his legal papers, he had no proof to present to the prison law library staff to

11  demonstrate his urgent need to file the federal habeas petition.  (Id.)  But such statements are

12  vague, conclusory, and unsupported by dates, specific facts or evidence, especially considering

13  the extensive amount of time petitioner seeks to toll.

14       Specifically, petitioner provides no dates for any of the alleged deprivations, or the

15  implementation of the "new policies," and has provided no documentary evidence confirming

16  such deprivations, either to the law library or to his legal materials.  Petitioner's failure to provide

17  dates is critical here because the court is unable to determine whether any such impediment

18  occurred during the limitations period.  His references to "new policies" concerning access to the

19  prison law library are insufficient because he fails to provide copies of such policies or

20  specifically identify such policies for the court's evaluation.  In addition, petitioner fails to

21  explain why he needed transcripts in order to file a timely petition.  The instant petition focuses

22  on challenges to petitioner's 83 year-to-life sentence.  Petitioner fails to explain why he was

23  unable to file a timely petition in this court without having trial transcripts.  See Thibodeaux v.

24  Diaz, 2014 WL 1512226, at *6 (C.D. Cal. Apr. 9, 2014) (inability to access transcripts and

25  appellate briefs insufficient to warrant equitable tolling when petitioner failed to explain why

26  documents were necessary for filing petition); Perez v. Hedgpeth, 2009 WL 174145, *4 (E.D.

27

28

1    Cal. Jan. 23, 2009) (equitable tolling not granted when petitioner failed to explain why or how

2    lack of transcripts actually prevented him from pursuing state and federal habeas relief in timely

3    fashion).

4            Fourth, petitioner claims that the filing of his prior petitions were efforts made to exhaust

5    several issues as to new laws effective prior to petitioner's conviction and the finalization of his

6    direct appeal, which were tactics used to gain access to the prison law library.  (ECF No. 25 at 3.)

7    But his state habeas petitions were all filed after the federal statute of limitations period had

8    expired and thus offer no equitable tolling.

9            Petitioner provided a library access request form from CSATF.  (ECF No. 25 at 9.)

10   However, such form bears no date, so the court is unable to determine when it was created or

11   used.  Petitioner appears to argue that he was unable to access the prison law library unless he had

12   a court deadline.  But the form provided by petitioner does not so indicate.  Rather, the form

13   provides three purposes for requesting law library access:  (1) conducting legal research;

14   (2) requesting legal copy services; or (3) requesting priority legal user (PLU) status.  (Id.)  The

15   form does not state that inmates must have a court deadline in order to attend the law library.

16   Instead, the form states that if the inmate is requesting PLU status, the inmate must bring proof of

17   the court deadline.  (Id.)  For these reasons, this form does not support plaintiff's claim that he

18   was denied access to the law library.

19           The court acknowledges that under certain circumstances, the complete denial of access to

20   the prison law library may warrant the imposition of equitable tolling "if the denial is total and

21   causes his petition's untimeliness."  Jackson v. Asuncion, 2018 WL 6516032, at *6 (C.D. Cal.

22   Aug. 31, 2018), adopted, 2018 WL 6507802 (C.D. Cal. Dec. 10, 2018).  Similarly, equitable

23   tolling may apply where a complete lack of access to legal materials made timely filing

24   impossible.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison

25   limitations on Ramirez's access to the law library and copier (quite unlike the denial altogether of

26   access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him

27   to file his petition in a timely manner.").  But here, petitioner has not demonstrated a total lack of

28   access to his legal materials or a complete denial of law library access that caused his

1  untimeliness.  Rather, petitioner concedes he was unaware of the PLRA statute of limitations.

2       Fifth, petitioner claims that he relied on his appellate counsel to file a petition for review

3  after the Franklin hearing; when petitioner asked counsel for the transcripts and why no petition

4  for review was filed, petitioner "got no timely answer that would have been useful to use."  (ECF

5  No. 25 at 5.)  Again, petitioner does not disclose the dates of such communications with appellate

6  counsel, provides no copies of letters between them, and also fails to demonstrate how his

7  reliance on appellate counsel filing a petition for review would constitute equitable tolling of the

8  federal limitations period.

9       Finally, petitioner has failed to demonstrate diligence.  Petitioner provides no facts or

10  evidence to demonstrate he was reasonably diligent.  The limitations period expired on November

11  8, 2017, yet petitioner did not file the instant petition until April 29, 2019, about one year and five

12  and a half months later.  He fails to set forth what efforts he took to obtain his legal materials or

13  to gain access to the law library or to diligently pursue his rights during the limitations period.

14  Petitioner has not demonstrated that he diligently pursued his rights.

15       D.  Conclusion

16       Thus, the undersigned finds that petitioner did not meet his burden to demonstrate that he

17  was reasonably diligent, or that extraordinary circumstances outside his control were the cause of

18  his untimeliness, particularly where he concedes he was unaware of the statute of limitations.

19  Because petitioner is not entitled to equitable tolling, his petition is barred by the statute of

20  limitations, and respondent's motion to dismiss should be granted.

21  V.  Recommendations

22       Accordingly, IT IS HEREBY RECOMMENDED that:

23       1.  Respondent's motion to dismiss (ECF No. 17) be granted; and

24       2.  The petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as

25  barred by the statute of limitations.

26       These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

28  being served with these findings and recommendations, any party may file written objections with

9

1   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

2   Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address

3   whether a certificate of appealability should issue in the event he files an appeal of the judgment

4   in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must

5   issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

6   Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability

7   "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable

8   whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists

9   of reason would find it debatable whether the district court was correct in its procedural ruling."

10  Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529

11  U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen

12  days after service of the objections.  The parties are advised that failure to file objections within

13  the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14  F.2d 1153 (9th Cir. 1991).

15  Dated:  August 19, 2020

16

17  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

18

    /moor1131.mtd.sol

19

20

21

22

23

24

25

26

27

28